(No. 3573—)

JOE GOLDSTEIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1941.*

SELTZER, LEVY & SPIEGEL, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant avers that on the 26th day of October, 1939, he was the owner and operating an automobile in a southeasterly

direction on Higgens Road, near Elk Grove, Illinois, and was in the exercise of due care and caution for his own safety and for the safety of others; that at that time and place Frank S. Brown, employed by the State of Illinois, was engaged in some act or acts on behalf of the State of Illinois, and operating an automobile traveling in the same direction claimant was traveling; that Brown negligently and carelessly operated his automobile, and in attempting to pass the car of claimant on the left hand side of the road, drove off on the left hand side of the highway, and in attempting to regain control of his automobile and return to the pavement, he swerved into the automobile driven by the claimant, damaging the claimant's car and injuring the claimant, and claimant asks that he be awarded damages on account of injury to his automobile and injuries to himself and for loss of his wages.

The Attorney General has made a motion to dismiss this case on the ground that the claimant does not set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay, because these damages are alleged to have been sustained on account of the negligence of an employee of the State of Illinois.

The damages sought amount to the sum of $340.35. For the sake of the motion, the Attorney General admits that Brown was an employee of the State of Illinois and was operating an automobile at the time and place in question, and that claimant suffered damages in the manner which he alleges to have suffered damages.

This present Court of Claims has passed upon similar questions many times. It has been the holding of this court and the Supreme Court of Illinois, that the State acts in a sovereign capacity and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents. See

> *Kinmore* vs. *City of Chicago*, 171 Ill. 332-335;
> *Markham* vs. *State of Illinois*, 8 C. C. R. 230;
> *McDonald* vs. *State of Illinois*, 8 C. C. R. 84.

Therefore the motion of the Attorney General will be sustained and the cause dismissed.